IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN GLEN BYRD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EMILY PIRRONG, in her individual and official capacity as Assistant District Attorney; and MICHAEL CARRINGTON, in his individual and official capacity as DHS Caseworker, | ) CIV-25-747-SLP<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
|    Defendants. | ) |

# **O R D E R**

Plaintiff Steven Glen Byrd, appearing pro se, filed the Complaint in this matter on July 7, 2025. *See* [Doc. No. 1]. Plaintiff seeks "immediate relief to halt continued violations of federal law and to protect his parental rights" in connection with an ongoing child custody proceeding in state court. *See* [Doc. No. 1] at 2. Plaintiff also filed a Motion for Temporary Restraining Order and Request for Injunctive Relief [Doc. No. 4], where he seeks "prospective injunctive relief to prevent ongoing constitutional violations in connection with [the] pending state court child custody proceeding." *Id.* at 1. For the reasons that follow, the Court finds that it must abstain from exercising jurisdiction in this matter. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and his Motion for Temporary Restraining Order and Request for Injunctive Relief is DENIED as MOOT.

I.      **Background**

Plaintiff alleges he is the father of A.P., a minor and member of the Choctaw Nation. *Id.* ¶ 4. Defendant Emily Pirrong is an Assistant District Attorney in Oklahoma County, and Defendant Michael Carrington is an Oklahoma Department of Human Services (DHS) caseworker formerly assigned to the subject child custody proceeding. *Id.* ¶¶ 5-6. Plaintiff maintains that the Court has original jurisdiction under 28 U.S.C. § 1331 and asserts claims pursuant to the Indian Child Welfare Act (ICWA) and for violations of the First, Sixth, and Fourteenth Amendments to the United States Constitution. *Id.* at 2, 18-23. Plaintiff seeks only declaratory and injunctive relief. *See id.* at 2, 23-26.

Plaintiff's claims are based on a child custody proceeding involving A.P. in state court. *See generally id.* Plaintiff alleges that DHS removed the child from the maternal aunt's home without proper notice to him in violation of ICWA. *Id.* ¶¶ 8, 8-A. Plaintiff further alleges, inter alia, that Defendants have solicited and presented false allegations and testimony about him and other related matters in the custody proceedings. *See, e.g., id.* ¶¶ 10-12-A, 16, 17-B, 18-D, 24-A, 24-B. Plaintiff claims he was improperly excluded from certain custody proceedings and deprived of an opportunity to confront adverse witnesses. *See id.* ¶¶ 8-A, 18-B. He also asserts that Defendants retaliated against him for speech he made on TikTok and other social media sites. *Id.* ¶¶ 17, 17-E, 17-G, 18-D. Plaintiff states that DHS continues to have custody of the child. *See, e.g., id.* ¶ 13; *see also id.* at 25.

Plaintiff states that he sought emergency mandamus relief in the Supreme Court of Oklahoma on two separate occasions: first on May 8, 2025 in case number 123074, and again on May 28, 2025 in case number 123132. *Id.* ¶ 7. The Supreme Court of Oklahoma

declined to assume jurisdiction in both instances. *Id.* Plaintiff then filed the Complaint in this action and his Motion for Temporary Restraining Order shortly thereafter.

As noted, Plaintiff's Motion [Doc. No. 4] references "ongoing constitutional violations in connection with [the] pending state court child custody proceeding." *Id.* at 1. All the injunctive relief sought in his Motion relates to the pending child custody proceeding, including: (1) preventing retaliation or contempt proceedings based on social media speech; (2) prohibiting use of hearsay or false evidence in the upcoming bench trial; (3) preventing further judicial conduct that would infringe on Plaintiff's "federal rights"; and (4) ensuring the bench trial is conducted in compliance with due process. *Id.* at 2. Plaintiff consistently states that he seeks only injunctive and declaratory relief rather than money damages. *See id.* at 1-2; *see also* Compl. [Doc. No. 1] at 23-26.

## II.     Discussion

Pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Federal district courts "must abstain from exercising jurisdiction" when three conditions are present: (1) there are ongoing state proceedings; (2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and (3) the state proceeding involves important state interests. *Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013) (citing *Middlesex*

*Cnty. Ethics Comm.*, 457 U.S. at 432); *see also Taylor v. Jaquez*, 126 F.3d 1294, 1296-97 (10th Cir. 1997) (when the *Younger* criteria are met, abstention is mandatory).[1]

As to the first prong, Plaintiff repeatedly states that the state court child custody proceedings are ongoing.  *See* Compl [Doc. No. 1] at 2, 4, 23-26; *see also* Mot. [Doc. No. 4] at 1-3.  Plaintiff even seeks injunctive relief in relation to an upcoming "bench trial" in the state court case.  *See* Mot. [Doc. No. 4] at 2.  And child custody cases like the one central to this action are exactly the type of state proceeding that is due deference accorded by *Younger* abstention.  *See Morkel*, 513 Fed. Appx. at 728 ("This court and other circuits have consistently applied *Younger* to child custody cases."); *Morrow*, 94 F.3d at 1392-98 (raising *Younger* sua sponte and finding abstention warranted in the context of ICWA claims in connection with ongoing child custody proceedings in state court).

Second, Plaintiff has not shown that Oklahoma state courts are an inadequate forum for his claims.  "State courts are generally equally capable of enforcing federal constitutional rights as federal courts."  *Morkel*, 513 F. App'x at 728 (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 431); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2 (1987) ("[P]roper respect for the ability of state courts to resolve federal questions presented in state court litigation mandates that the federal court stay its hand.").  Plaintiff states that "he has exhausted state remedies and has no adequate relief available in state court" because the Supreme Court of Oklahoma declined to exercise jurisdiction over his requests for emergency mandamus relief in May of 2025.  Compl. [Doc. No. 1] ¶ 7-A.  But

---

[1] The Court may properly raise *Younger* abstention sua sponte.  *Morrow v. Winslow*, 94 F.3d 1386, 1391-92 (10th Cir. 1996).

state court "decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in [his] favor." *See Morkel*, 513 F. App'x at 728.² Accordingly, Plaintiff has not met his "burden to establish that state law prevents [him] from raising [his] federal claims in the state proceedings." *Id.* (citing *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).

Finally, there is no doubt that state court child custody proceedings involve important state interests that warrant abstention. *See Morrow*, 94 F.3d at 1393 ( "It cannot be gainsaid that adoption and child custody proceedings are an especially delicate subject of state policy, the [Supreme] Court stating that '[f]amily relations are a traditional area of state concern.'" (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). For all these reasons,

---

² Plaintiff does not connect any other allegation in the Complaint to his argument that the state forum is inadequate and therefore has not met his burden to show that is the case. *See* Compl. [Doc. No. 1] ¶ 7-A. Even if he had, the allegations in the Complaint do not suggest Oklahoma courts are inadequate to hear his federal claims. Plaintiff's factual allegations are primarily based on conduct by the Assistant District Attorney and DHS caseworker that "can be raised with the state trial court judge." *See Morkel*, 513 F. App'x at 728 (plaintiff had not shown that the state forum was inadequate where her complaints about parties to the child custody proceeding could be raised with the state court). Although Plaintiff asserts that the state trial court judge "played a central role in the violations described in th[e] Complaint," his allegations pertaining to the judge are generally just complaints about evidentiary and procedural decisions. *See* Compl. [Doc. No. 1] at 14-17; *see also Morkel*, 513 F. App'x at 728 ("decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in [plaintiff's] favor."); *see also Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (following an adverse custody determination in state court, plaintiff had not shown that the state court was an inadequate forum to hear his constitutional challenges to the state family court system). In any event, Plaintiff has not shown he is unable to raise the same issues on direct appeal after conclusion of the state court proceeding. *Cf. Yancey v. Bonner*, 323 F. App'x 674, 676 (10th Cir. 2009) (affirming abstention was appropriate on the grounds set forth by the district court, which found that the plaintiff "had a sufficient opportunity to raise his federal claims in the state proceeding, as evidenced by the Oklahoma Supreme Court's explicit sanctioning of his ICWA claim in his first appeal.").

5

the Court abstains from exercising jurisdiction, and this action for declaratory and injunctive relief is DISMISSED WITHOUT PREJUDICE.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order and Request for Injunctive Relief [Doc. No. 4] is DENIED and this matter is DISMISSED WITHOUT PREJUDICE. A separate judgment of dismissal shall be entered contemporaneously herewith.

IT IS SO ORDERED this 14th day of July, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE