IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN GLEN BYRD, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| EMILY PIRRONG, in her individual and official capacity as Assistant District Attorney; and MICHAEL CARRINGTON, in his individual and official capacity as DHS Caseworker, | ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

Case No. CIV-25-747-SLP

# **O R D E R**

Before the Court is Plaintiff's Motion to Alter Judgment [Doc. No. 8] filed on July 31, 2025. Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff moves for reconsideration of the Court's Order [Doc. No. 6] and Judgment [Doc. No. 7] dismissing this matter without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. For the reasons that follow, Plaintiff's Motion is DENIED.[1]

---

[1] After judgment and the filing of his Rule 59(e) motion, Plaintiff filed five more motions: Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 10]; Motion to Modify [Doc. No. 11]; Motion for Evidentiary Hearing [Doc. No. 12]; Emergency Motion for Relief from Unconstitutional Orders and Enjoin Contempt [Doc. No. 14]; and Emergency Motion to Suspend Enforcement of Cleveland County Protective Order [Doc. No. 16]. All these motions seek emergency relief pertaining to orders entered in the state court child custody action that was the subject of Plaintiff's Complaint. But this federal action has been dismissed, judgment has been entered, and Plaintiff's Motion to Alter Judgment [Doc. No. 8] is denied. Plaintiff does not cite any procedural authority that provides for consideration of the five more recent motions after this action has been closed, nor does the Court discern any. Accordingly, Plaintiff's Motions are DENIED as procedurally improper.

I.     **Background**

Plaintiff filed this action on July 7, 2025 seeking "immediate relief to halt continued violations of federal law and to protect his parental rights" in connection with an ongoing child custody proceeding in state court. *See* Compl. [Doc. No. 1] at 2. Plaintiff alleged that he is the father of A.P., a minor and member of the Choctaw Nation. *Id.* ¶ 4. He alleged that the Oklahoma Department of Human Services (DHS) removed A.P. from the maternal aunt's home without proper notice to him in violation of the Indian Child Welfare Act (ICWA). *Id.* ¶¶ 8, 8-A. Plaintiff further alleged that the Defendants, Oklahoma County Assistant District Attorney Emily Pirrong and DHS caseworker Michael Carrington, have presented false evidence about him in the child custody proceedings. *See, e.g., id.* ¶¶ 10-12-A. Plaintiff also asserted, among other things, that the Defendants retaliated against him in the state court action for speech on social media. *See id.* ¶¶ 17-E, 17-G. He indicates that DHS continues to have custody of the child. *See id.* ¶ 13; *see also id.* at 25.

On July 14, 2025, this Court entered an Order [Doc. No. 6] dismissing this action. The Court found that it must abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. *See* Order [Doc. No. 6] at 1, 3-6. As fully set forth in that Order, the Court found all three conditions set forth in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) were present, and therefore abstention is mandatory. *See* [Doc. No. 6] at 3-6. The Court entered Judgment that same day. *See* [Doc. No. 7]. Plaintiff timely filed the Motion [Doc. No. 8] presently at issue.

**II.    Governing Standard**

Federal Rule of Civil Procedure 59(e) permits a litigant to file "[a] motion to alter or amend a judgment" within 28 days of the entry of the judgment.  A litigant may seek relief under Rule 59(e) when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion is properly "granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of Paraclete*, 204 F.3d at 1012).  But Rule 59(e) may not be used "to revisit issues already addressed or advance arguments that could have been raised in prior briefing" or "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (first quoting *Servants of Paraclete*, 204 F.3d at 1012; and then quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  Although he appears pro se, Plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

**III.   Discussion**

Plaintiff's Motion is fifty-six pages, and most of the discussion involves factual and procedural events occurring in the state child custody proceedings.  *See* Mot. [Doc. No. 8] at 1-12, 18-49.  Although he references "errors of law" and "manifest injustice," the vast majority of Plaintiff's contentions are based on errors that allegedly occurred in the state child custody proceedings rather than any legal error associated with the dismissal Order

3

entered by this Court. *See id.* at 18-49. As such, Plaintiff appears to confuse the standard for reconsideration of this Court's Order with what he perceives as a need to assert additional errors associated with the state court proceedings. *See id.* None of these alleged errors in the state court proceeding give rise to relief under Rule 59(e).

Plaintiff also references "newly clarified facts and overlooked evidence" at the outset of his Motion. *See* [Doc. No. 8] at 3. But he does not connect that statement to any facts or evidence in particular. *See generally id.* Moreover, it is unclear what role evidence would play as it pertains to the dismissal Order. The Court did not dismiss this action for lack of evidence but rather based on abstention under *Younger* due to the ongoing child custody proceedings. And Plaintiff's subsequent filings confirm that the state child custody proceedings are ongoing. *See* [Doc. Nos. 8, 10, 11, 12, 14, 16].

Plaintiff argues the Court "erred in applying *Younger* abstention to a case that falls within the well-established exceptions and that is properly brought under 42 U.S.C. § 1983. . ." Mot. [Doc. No. 8] at 14.[2] He asserts *Younger* does not apply when "state actors proceed in bad faith, for purposes of harassment, or where the plaintiff suffers irreparable harm that state courts are unwilling or unable to remedy." *Id.* at 15. But Plaintiff does not connect that assertion to any specific fact or procedural development, and the Court declines to search the fifty-six page Motion for facts that may support his argument. *See id.* at 15-16.

---

[2] As to the latter point, Plaintiff reargues the merits of his § 1983 claims, but he does not identify any misapprehension of controlling law as it pertains to abstention. *See id.* 14-15. *Younger* abstention has long been applied to claims like Plaintiff's brought pursuant to § 1983. *See, e.g., Morkel v. Davis*, 513 F. App'x 724 (10th Cir. 2013); *see also Morrow v. Winslow*, 94 F.3d 1386 (10th Cir. 1996).

4

Plaintiff is entitled to liberal construction of his pleadings, but the Court cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As best the Court can tell, Plaintiff's primary legal argument challenging the dismissal Order [Doc. No. 6] is that abstention was improper under *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). Mot. [Doc. No. 8] at 14, 16. This argument is without merit. In *Mitchum*, the Court simply held that § 1983 fell within the "expressly authorized" exception to the Anti-Injunction Act, 28 U.S.C. § 2283. *See* 407 U.S. at 242-43. The Court clarified, however, that it did not "question or qualify in any way the principles of equity, comity, and federalism [set forth in *Younger*] that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243. Accordingly, *Mitchum* does not render *Younger* inapplicable, and Plaintiff has not shown that the Court misapprehended controlling law.

Although not expressly tied to any legal argument for reconsideration, scattered throughout Plaintiff's Motion are factual and procedural contentions previously addressed by the Court with regard to the second *Middlesex* factor: adequacy of the state court forum to hear his claims. *See* Order [Doc. No. 6] at 4-5. As relevant here, the Court found Plaintiff had not shown Oklahoma courts are inadequate to hear his claims, despite his argument that the Supreme Court of Oklahoma declined to exercise jurisdiction over his requests for emergency mandamus relief. *See id.* Plaintiff reurges this point, *see* Mot.

[Doc. No. 8] at 27-28, 36, but Rule 59(e) may not be used "to revisit issues already addressed." *Nelson*, 921 F.3d at 929 (citation omitted).[3]

Although not argued by Plaintiff, the Court notes that the Tenth Circuit issued an unpublished decision in *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809 (10th Cir. July 22, 2025) after this Court's Order [Doc. No. 6], and that decision warrants additional discussion. In *Bellinsky*, the court found the district court erred in applying *Younger* abstention based on an underlying domestic relations case because it failed to consider whether the circumstances of the underlying state court case had fallen into a "*Sprint* category." *Id.* at *4 (discussing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013)). The "*Sprint* categories" to which *Younger* abstention applies are: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at *3 (quoting *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989)). "After *Sprint*, *Younger* could still apply to a state domestic relations case, but only if the circumstances fall into a *Sprint* category."

---

[3] Also mentioned throughout Plaintiff's Motion are additional arguments regarding the state trial court judge. *See, e.g.* Mot. [Doc. No. 8] at 23-27, 34. But the Court noted in its Order that: (1) Plaintiff did not connect any allegation regarding that judge to inadequacy of the forum; (2) his complaints about the judge were generally just objections to evidentiary and procedural decisions that do not suggest the forum is inadequate; and (3) Plaintiff had not explained why he could not raise those issues on direct appeal after conclusion of the state court proceedings. *See* Order [Doc. No. 6] at 5, n. 2. As such, Plaintiff impermissibly attempts to "to revisit issues already addressed or advance arguments that could have been raised in prior briefing" *Nelson*, 921 F.3d at 929 (citations omitted).

*Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *5 n. 10 (10th Cir. May 19, 2025).[4]

The underlying action Plaintiff complains of is a juvenile deprived proceeding brought by the State through DHS and the District Attorney. *See generally* Compl. [Doc. No. 1]. Even if not abundantly clear from his Complaint, Plaintiff attaches the docket sheet and a filing from the underlying action, styled as: *In the Matter of A.J.P., Alleged Deprived Child*, Case No. JD-2024-254. *See* [Doc. Nos. 8-1, 8-7]; *see also In re Dist. Ct. Numbering Sys., Case Types, Cover Sheets*, 271 P.3d 794, 795 (Okla. 2009), *as corrected* (Feb. 1, 2010) (designating cases with the "JD" prefix as "Juvenile Deprived Proceedings"). The Court also takes judicial notice of Plaintiff's mandamus actions before the Supreme Court of Oklahoma, which reference the same district court case number. *See In the Matter of: A.P., an Alleged Deprived Child*, Case. No. MA-123074 (Okla. 2025); *see also In the Matter of: A.P.*, Case. No. MA-123132 (Okla. 2025), available at www.oscn.net.[5]

As such, the underlying action in this case falls with the second *Sprint* category: a "civil enforcement proceeding" initiated by the State against private parties that involves

---

[4] In *Covington*, the Circuit found a Colorado domestic relations action did not fall within a *Sprint* category and therefore *Younger* was inapplicable. *Id*. at *5-6. The court noted it had previously applied *Younger* to state domestic relations proceedings without expressly addressing the *Sprint* categories. *Id*. at *5 n. 10 (citing *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) and *Snyder v. Goble*, No. 24-4009, 2025 WL 484876, at *2 (10th Cir. Feb. 13, 2025)). Nevertheless, given the more recent direction in *Covington* and *Bellinsky*, the Court finds consideration of the *Sprint* factors is necessary here.

[5] Plaintiff also references and attaches documents from an action he brought in the District Court of Pottawatomie County, FP-2024-162, but that is not the action involving Defendants Pirrong and Carrington in Oklahoma County that is the subject of his Complaint. *See generally* Compl. [Doc. No. 1]; *see also id*. ¶ 5; [Doc. No. 8-5].

7

"involves important state interests." *Moore v. Sims*, 442 U.S. 415, 423 (1979) (holding the district court should have abstained under *Younger* where "[t]he State . . . was a party to the state proceedings, and the temporary removal of a child [is] . . . 'in aid of and closely related to criminal statutes.'"); *see also Sprint*, 571 U.S. at 79 (citing *Moore* as an example of a "civil enforcement" proceeding to which *Younger* has been extended); *Winslow*, 94 F.3d at 1392-97 (noting *Younger* applies to "noncriminal judicial proceedings when important state interests are involved" and finding abstention appropriate in the context of an underlying state court adoption proceeding between private parties); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) ("[T]emporary custody proceedings are civil enforcement proceedings to which *Younger* principles apply" under *Sprint*.).[6]  The underlying action is "akin to a criminal prosecution" in "important respects" because it is initiated by the State, it involves an investigation by one or more state agencies, and it potentially involves a sanction against a private party for a wrongful act.  *See Sprint*, 571 U.S. at 79.

This action also falls within the third *Sprint* category because Plaintiff seeks to challenge "certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73.  Plaintiff seeks injunctive relief prohibiting enforcement of a protective order entered by the state court judge as part of the ongoing child custody proceeding, in addition to contempt proceedings associated with that

---

[6] For the same reason, this action is unlike the underlying action in *Covington* that involved a domestic relations case between private parties.  *See Covington*, 2025 WL 1448661, at *1.

order. *See, e.g.*, Compl. [Doc. No. 1] at 12, 22-24; *see also* Mot. [Doc. No. 8] at 4, 24, 40. More recently, Plaintiff expressly sought an injunction to thwart an application for contempt brought in the state court action. *See* Emergency Motion for Relief from Unconstitutional Orders and Enjoin Contempt [Doc. No. 14]; *see also* Contempt App. [Doc. No. 14-1].

As such, many of Plaintiff's requests for relief implicate the third *Sprint* category. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (the principles behind *Younger* abstention apply "to a case in which the State's contempt process is involved" because "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system . . . is surely an important interest."); *see also Sprint*, 571 U.S. at 591 (citing *Juidice* as an example of "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.") *Moore*, 442 U.S. at 423 (discussing "the presence of such other vital concerns as enforcement of contempt proceedings" as relevant to application of *Younger*); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 672 (10th Cir. 2020) ("'[E]xceptional circumstances' requiring abstention under *Younger*'s third category are present . . . when the relief requested from the federal court would enjoin or otherwise interfere with [contempt] proceedings").

Accordingly, the Court finds abstention under *Younger* and its progeny was appropriate, and Plaintiff's recent filings only further confirm as much. For all these reasons, Plaintiff's Motion to Alter Judgment [Doc. No. 8] is DENIED.

9

## IV. **Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter Judgment [Doc. No. 8] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 10]; Motion to Modify [Doc. No. 11]; Motion for Evidentiary Hearing [Doc. No. 12]; Emergency Motion for Relief from Unconstitutional Orders and Enjoin Contempt [Doc. No. 14]; and Emergency Motion to Suspend Enforcement of Cleveland County Protective Order [Doc. No. 16] are DENIED.

IT IS SO ORDERED this 9th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE