## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN GLEN BYRD, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EMILY PIRRONG, in her individual and | ) | CIV-25-747-SLP |
| official capacity as Assistant District | ) | |
| Attorney; and | ) | |
| MICHAEL CARRINGTON, in his | ) | |
| individual and official capacity as DHS | ) | |
| Caseworker, | ) | |
| | ) | |
|    Defendants. | ) | |

## O R D E R

Before the Court is Plaintiff's pro se Motion for Relief from Judgment [Doc. No. 20]. Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff again moves for reconsideration of the Court's Order [Doc. No. 6] and Judgment [Doc. No. 7] dismissing this matter without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. After filing the Motion, Plaintiff filed a Notice of Appeal [Doc. No. 21] as to the

Court's previous Order denying Plaintiff's Motion to Alter Judgment.[1]   For the reasons

that follow, Plaintiff's Motion is DENIED.[2]

## I.     Background

On July 14, 2025, the Court entered an Order [Doc. No. 6] dismissing this action.

The Court found that it must abstain from exercising jurisdiction pursuant to *Younger v.*

*Harris*, 401 U.S. 37 (1971) and its progeny.  *Id.* at 1, 3-6.  As fully set forth in that Order,

the Court found all three conditions set forth in *Middlesex Cnty. Ethics Comm. v. Garden*

*State Bar Ass'n*, 457 U.S. 423 (1982) were present, and therefore abstention is mandatory.

*See id*. at 3-6.  The Court entered Judgment that same day.  *See* [Doc. No. 7].  Plaintiff filed

a Motion to Alter Judgment on July 31, 2025 [Doc. No. 8], which the Court denied on

September 9, 2025.  *See* Order [Doc. No. 18].  Plaintiff proceeded to timely file the Motion

[Doc. No. 20] presently at issue.

---

[1] "[A] notice of appeal does not divest a district court of jurisdiction to consider a Rule 60(b) motion, although it prevents a district court from granting such a motion unless it notifies this court of its intention to grant the motion upon proper remand." *West v. Ortiz*, No. 06-1192, 2007 WL 706924 at *5 n. 5 (10th Cir. Mar. 9, 2007) (citing *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002); *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991). Alternatively, because the Court denies the requested relief, such action is authorized by Fed. R. Civ. P. 62.1(a)(2).

[2] Plaintiff has also filed a Motion for Leave of Court to Effectuate Service [Doc. No. 19].  As the Court has previously noted, this action has been dismissed, and judgment has been entered.  *See* [Doc. No. 18] at 1.  Plaintiff's Motion for Relief from Judgment is denied.  Plaintiff does not cite any procedural authority that provides for consideration of the Motion for Leave of Court to Effectuate Service after this action has been closed, nor does the Court discern any.  Accordingly, Plaintiff's Motion for Leave of Court to Effectuate Service [Doc. No. 19] is DENIED as procedurally improper. Given that judgment has been entered and the case is closed, the Court advises Plaintiff that the filing of any further motions may result in the Court striking such motions as procedurally improper.

## II.     Governing Law

Under Rule 60(b), the Court may relieve a party from an order or judgment due to, *inter alia*, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3) and (6).  "Relief under Rule 60(b) . . . is 'extraordinary and may only be granted in exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Under Rule 60, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  Plaintiff, despite appearing pro se, must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks and citation omitted).

## III.     Discussion

Similar to his Motion to Alter Judgment [Doc. No. 8], Plaintiff dedicates almost the entirety of his Motion to factual and procedural events occurring in the state child custody proceedings.  Plaintiff argues new alleged events arose after the Court's Order denying Plaintiff's Motion to Alter Judgment [Doc. No. 18], thus entitling Plaintiff to relief under

3

Rule 60.[3]  *See* Mot. [Doc. No. 20] at 5.   Specifically, Plaintiff alleges that "Defendants have made false statements and engaged in conduct designed to obstruct justice, including the misuse of protective orders to block service of federal filings." [Doc. No. 19] at 2.

However, Plaintiff does not connect the grounds for relief under Rule 60(b)(3) or (b)(6) to any specific facts or evidence referenced in the Motion.  *See generally id*.  Rule 60(b)(3) requires the Plaintiff to demonstrate by clear and convincing evidence that the Defendants "acted with 'an intent to deceive or defraud the court," by means of a 'deliberately planned and carefully executed scheme.'" *Yapp*, 186 F.3d at 1231 (citing *Robinson v. Audi Aktiengesellhaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).  While Plaintiff alleges acts of fraud perpetrated by the Defendants, such fraud was not directed to the Court.  Defendants have not executed a "scheme" on the Court that affected the Court's dismissal of the matter.  The alleged conduct that Plaintiff references in the Motion is not the type of fraud that is envisioned by the Tenth Circuit in *Yapp*.  Plaintiff has not proven by clear and convincing evidence that the Defendants engaged in a scheme of fraud which affected the Court's application of *Younger*.

Furthermore, the Court does not find Plaintiff has demonstrated relief under Rule 60(b)(6) is appropriate.[4]  Relief under Rule 60(b)(6) "is appropriate only when it offends

---

[3] To the extent that Plaintiff sought to use the evidence introduced in the Motion to contest the Court's previous findings regarding the *Middlesex* factors in its Order dismissing the action [Doc. No. 6], Plaintiff would be improperly attempting "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

[4] While underdeveloped, the Court construes Plaintiff's argument that "extraordinary circumstances justify reopening the judgment" as moving for relief under Rule 60(b)(6).

justice to deny such relief." *Yapp*, 186 F.3d at 1232 (citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).   Plaintiff argues that "Judge Allen's repeated refusal to hear properly filed motions—including Plaintiff's Motion for New Trial acknowledged on the record—deprived Plaintiff of any meaningful opportunity to appeal, amounting to a constitutional violations." [Doc. No. 20] at 3.   Similar to Plaintiff's allegations of fraud, this assertion is focused on alleged actions occurring in state court proceedings.  The Court does not find that such events are extraordinary circumstances that warrant deviation from abstention under *Younger*.

The Court did not dismiss this action for lack of evidence but rather based on abstention under *Younger* due to the ongoing child custody proceedings.  Plaintiff's recent filings confirm that the state child custody proceedings are still ongoing.  *See* [Doc. Nos. 19, 20].   Plaintiff does not cite any intervening change in the controlling law or new evidence that was previously unavailable that affects the Court's application of *Younger*.[5] Nor does he show any clear error or manifest injustice as to this federal proceeding. Plaintiff's arguments are focused on the state court proceedings and only give further support for the Court's application of *Younger*.  As such, the Court finds that Plaintiff has failed to demonstrate adequate grounds for relief under Rule 60(b).

---

[5] Although not raised by Plaintiff in either this Motion or his Motion to Alter Judgment [Doc. No. 8], the Court has previously found that the underlying state court proceeding fell within one of the categories discussed in *Sprint Communications v. Jacobs*, 571 U.S. 69 (2013).  *See* [Doc. No. 18] at 6-9; *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, *4 (10th Cir. July 22, 2025).

## IV.    Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief from Judgment [Doc. No. 20] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave of Court to Effectuate Service [Doc. No. 19] is DENIED.

IT IS SO ORDERED this 1st day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE